John E. Walker, SBN: 166270
E-Mail: jwalker@sacrowalker.com
SACRO & WALKER LLP
700 N. Brand Blvd., Suite 610
Glendale, California 91203
Tel.:  (818) 721-9597
Fax:   (818) 721-9670

Attorneys for Plaintiff
NEW YORK LIFE INSURANCE COMPANY

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION

| | |
|---|---|
| NEW YORK LIFE INSURANCE COMPANY,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>LOUISE SAADIAN a/k/a LOUISE TCHAMAN a/k/a LOUISE TCHAMAN SAADIAN; and MATTHEW BARKOHANAI, individually and as successor trustee to the GEORGE SADDIAN REVOCABLE LIVING TRUST,<br><br>　　　　Defendants. | Case No. 2:21-cv-09818<br><br>**PLAINTIFF NEW YORK LIFE INSURANCE COMPANY'S INTERPLEADER COMPLAINT** |

-1-
PLAINTIFF NEW YORK LIFE INSURANCE COMPANY'S
INTERPLEADER COMPLAINT

## COMPLAINT IN INTERPLEADER

Plaintiff, New York Life Insurance Company (the "Company"), through its undersigned counsel, for its Complaint in Relief in Interpleader avers as follows:

### PARTIES

1. The Company is a mutual insurance company organized and existing under the laws of the State of New York, with its principal place of business in New York. The Company is a citizen of New York and duly authorized to do business in the State of California.

2. Defendant Louise Tchaman a/k/a Louise Tchaman Saadian a/k/a Louise Saadian ("Tchaman") is an adult citizen of California and domiciled in Los Angeles County, California.

3. Defendant Matthew Barkohanai ("Barkohanai"), individually and as successor trustee to the George Saadian Revocable Living Trust ("Trust") is an adult citizen of California and domiciled in Los Angeles, California.

### JURISDICTION AND VENUE

4. This Court has jurisdiction under Title 28 U.S.C. § 1332 because the parties are of diverse citizenship and the amount in controversy exceeds $75,000.00. The Company is a New York citizen for diversity purposes and the Defendants are citizens of California.

5. Venue is proper in this federal district pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this district. Venue is also proper in this Court pursuant to 28 U.S.C. § 1397 because one or more of the claimants resides in this judicial district.

### CAUSE OF ACTION IN INTERPLEADER

6. The Company issued whole life insurance policy number 43 929 902 ("Policy A") to George Saadian (the "Insured") with a contract date of May 15,

1990, and which provided coverage on the life of the Insured. *A specimen copy of Policy A is attached hereto as* **Exhibit A**.

7. On the Application for Policy A, dated June 18, 1990, the Insured designated his sister, Louise Tchaman, as beneficiary to Policy A's death benefits. *A copy of the Life Insurance Application dated June 18, 1990, is attached hereto as* **Exhibit B**.

8. The Company issued whole life insurance policy number 46 131 694 ("Policy B") (together with Policy A, the "Policies") to the Insured with a contract date of October 28, 1997, and which provided coverage on the life of the Insured. *A specimen copy of Policy B is attached hereto as* **Exhibit C**.

9. On the Application for Policy B, dated September 18, 1997, the Insured designated his then-spouse, Kathrin Saadian, as beneficiary to Policy B's death benefits. *A copy of the Life Insurance Application dated September 18, 1997, is attached hereto as* **Exhibit D**.

10. On or about September 5, 2012, the Company received a Change of Beneficiary Request form in which the Insured purportedly designated his sister, Louise Saadian, as primary beneficiary to Policy B's death benefits and his son, Jonah Saadian, as secondary beneficiary to Policy B's death benefits. *A copy of the Change of Beneficiary Request form received September 5, 2012, is attached hereto as* **Exhibit E**.

11. Upon information and belief, at some point, the Insured and Kathrin Saadian divorced.

12. Upon information and belief, the Insured died on February 1, 2021. *A copy of the Insured's Certification of Death is attached hereto as* **Exhibit F**.

13. As a result of the death of the Insured, Policy A death benefits in the amount of $290,926.78 and Policy B death benefits in the amount of $862,946.16

(together, the "Death Benefits") became due to a beneficiary or beneficiaries and the Company concedes liability to that effect.

14. By Death Benefit Proceeds Form dated February 20, 2021, Tchaman asserted a claim to the Death Benefits. *A copy of the Death Benefits Proceeds Form dated February 20, 2021, is attached hereto as* **Exhibit G**.

15. By email dated February 28, 2021, Barkohanai asserted an adverse claim for the Death Benefits on behalf of the Trust advising the Company that the Insured intended to make the Trust beneficiary of the Policies pursuant to the Trust's Consolidated Financial Statement For Various Entities dated December 30, 2020. Subsequently, Barkohanai provided the Company with the Trust's Consolidated Financial Statement For Various Entities and the Insured's Last Will and Testament while informing the Company that the Trust is the pour-over beneficiary of the Insured's will. *A true and complete copy of the email dated February 28, 2021, together with the Consolidated Financial Statement For Various Entities dated December 30, 2020, and the Insured's Last Will and Testament dated October 31, 2020 is attached hereto collectively as* **Exhibit H**.

16. There have been no other claims for the Death Benefits. Under the circumstances, the Company cannot determine factually or legally who is entitled to the Death Benefits. By reason of the actual or potential claims of the interpleading defendants, the Company is or may be exposed to multiple liability.

17. The Company is ready, willing, and able to pay the Death Benefits, plus applicable interest, if any, in accordance with the terms of the Policies and to whomever this Court shall designate.

18. As a mere stakeholder, the Company has no interest (except to recover its attorneys' fees and cost of this action) in the Death Benefits and respectfully requests that this Court determine to whom the Death Benefits should be paid.

19. Accordingly, pursuant to Fed. R. Civ. P. 22 and 67, the Company seeks to deposit into the Court the Death Benefits, plus applicable interest, if any, for disbursement in accordance with the judgment of this Court.

20. The Company has not brought this Complaint in Interpleader at the request of any of the Defendants. There is no fraud or collusion between the Company and any of the Defendants. The Company brings this Complaint of its own free will and to avoid being vexed and harassed by conflicting and multiple claims.

21. NYLIC has not brought this Complaint in Interpleader at the request of any of the Defendants. There is no fraud or collusion between NYLIC and any of the Defendants. NYLIC brings this Complaint of its own free will and to avoid being vexed and harassed by conflicting and multiple claims.

**WHEREFORE**, NYLIC prays that the Court enter judgment:

(a) requiring the Defendants to answer this Complaint for Relief in Interpleader and litigate their claims among themselves for the Death Benefits;

(b) requiring that the Defendants settle and adjust between themselves, or upon their failure to do so, this Court settle and adjust the claims and determine to whom the Death Benefits should be paid;

(c) permitting the Company to deposit the amount of the Death Benefits, plus applicable interest, if any, into the Registry of the Court or as this Court otherwise directs to be subject to the order of this Court and to be paid out as this Court shall direct;

(d) discharging the Company from any and all further liability to the Defendants relating in any way to the Policies and/or the Death Benefits upon payment of the Death Benefits into the Registry of this Court or as otherwise directed by this Court;

(e) dismissing with prejudice the Company from this action following deposit of the Death Benefits with the Registry of the Court or as otherwise directed by this Court;

    (f)    enjoining the Defendants from instituting or prosecuting any proceeding in any state or United States court affecting the Policies and/or the Death Benefits;

    (g)    awarding the Company its reasonable attorneys' fees and costs in their entirety; and

    (h)    awarding the Company any other and further relief that this Court deems just and proper.

DATED:  December 21, 2021

                                  Respectfully Submitted

                        By   /s/ John Walker
                                John E. Walker
                                Attorneys for Plaintiff New York Life Insurance Company